## HARRISON et al. v. ELLIOTT.

No. 15009—Opinion Filed Dec. 23, 1924.

1. **Infants—Ratification of Rental Contract After Reaching Majority—Binding Effect on Subsequent Purchasers.**

A minor, having a contract of rental of his land with his tenant for the term of one year upon which the rental has been paid and which was entered into during his minority, may ratify the same on attaining his majority so as to bind subsequent purchaser of the land to permit tenant to retain possession and retain the crops for said term.

2. **Same—General Effect of Majority on Land Title.**

Upon a minor attaining his majority, the whole legal title to his lands vests in him; thereafter, he can dispose of it as he sees fit—give it away, or sell it for any consideration, either legal or moral, which seems to him sufficient.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pontotoc County; A. C. Barrett, Assigned Judge.

Action by W. M. Elliott against Thad Harrison, and John H. Gray, interpleader below, for the recovery of the sum of $575, claimed for rent under a contract of tenancy. Judgment for plaintiff. Defendant and interpleader bring error. Affirmed.

I. M. King and John P. Crawford, for plaintiff in error.

Robt. Wimbish and W. C. Duncan, for defendant in error.

Opinion by THOMPSON, C. This action

was commenced in the district court of Pontotoc county by W. M. Elliott, defendant in error, plaintiff below, against Thad Harrison, plaintiff in error, defendant below, and John H. Gray, plaintiff in error, interpleader below, for the recovery of the sum of $575, claimed by the defendant in error for rent under a contract of tenancy. The parties will be referred to as plaintiff, defendant and interpleader as they appeared in the lower court.

The petition was the ordinary complaint by a landlord against his tenant for the recovery of rent and claim of landlord's lien and attachment to enforce said lien. From the pleadings it appears that the plaintiff had rented the allotment of Alfred Bruner, a minor Chickasaw freedman, from him and his father and mother, and had occupied it, either in person or through his tenant, Thad Harrison, for several years, and that he had rented it for the crop season of 1919 and paid the rents thereon: that sometime afterwards, in the month of April or the first of May, Alfred Bruner arrived at his majority and sold the lands to W. A. Parrett and Louis Cannon, executing the deed in the name of Barrett; that the interpleader, John H. Gray, had entered into a written contract with the plaintiff, W. M. Elliott, who had a contract with Bruner to buy the land and who was to purchase the land from Bruner and sell the same to said Gray, Gray paying at the time on said contract the sum of $500, and the written contract provided that, in the event that plaintiff Elliott did not secure a merchantable title from Bruner on his arriving at his majority and could not carry out the contract of sale to Gray, Elliott was to return the $500 and interest and Gray was to surrender the possession of the property and attorn to Elliott for the rents on the lands for the year 1919; that this contract was not carried out for the reason that Bruner sold the lands to Barrett and Cannon and Elliott returned the $500 and interest to Gray. Afterwards John H. Gray purchased the lands from Barrett and Cannon and when the crops matured Gray made a demand on Thad Harrison for the rents and the plaintiff Elliott claimed the rents and the defendant Thad Harrison offered in his answer to pay the rents to either of them for the year 1919, that the court determined was entitled thereto, and asked that John H. Gray be made a party to the action, and he was made a party by his filing his petition in intervention, in which he claimed that he had bought the property in May, 1919, and was entitled to the rents; that there was no reservation of the crops and

that the claim of the plaintiff to the crops was unlawful and under a void contract.

Upon these issues the cause was tried to a jury and resulted in a verdict in favor of the plaintiff, Elliott, in the sum of $450.

Motion for new trial was filed, heard and overruled; exceptions reserved and the court pronounced judgment in favor of the plaintiff and against the defendant, Thad Harrison, and the interpleader, John H. Gray, in the sum of $450, interest and costs, and the cause comes regularly on appeal by Thad Harrison, defendant, and John H. Gray, interpleader, to this court for review.

While there are several specifications of error, the attorneys for the defendant and interpleader content themselves in presenting their argument to this court under two general heads, which are as follows:

"As to whether or not the contract entered into between Elliott and Gray sued on herein was binding upon plaintiff in error, and if the court erred in refusing to peremptorily instruct the jury to find a verdict for the interpleader, John H. Gray."

"That the court erred in admitting incompetent evidence, overruling demurrer of interpleader to the evidence of plaintiff and giving instructions Nos. 3, 4 and 5."

The attorneys for defendant and interpleader filed demurrer to plaintiff's evidence at the close of testimony on part of plaintiff, which was overruled and exception reserved, and both parties, at the close of all the testimony in the case, requested peremptory instructions in their favor, which requests were denied, and exceptions reserved.

Briefly the testimony shows that the plaintiff had rented the lands for several years from the minor and his father and mother, and had always paid the rents and that he had always had a contract or understanding of some kind that when the minor arrived at the age of 21 he would purchase the title to the land; that he had subrented to the defendant, Thad Harrison, who had paid rents to the plaintiff for a period of years, and that the plaintiff had entered into a contract with the interpleader, which contract was reduced to writing and introduced in evidence, to procure a merchantable title from the minor and sell the same to the interpleader, which failed because of the fact that the minor on arriving at his majority sold the land to Barrett and Cannon and the contract, heretofore mentioned, provided that, if plaintiff failed to secure title and convey it to the interpleader, he was to return the $500 paid to him. A few days

after Bruner, the minor, sold the land to Barrett and Cannon, the plaintiff returned the $500 and interest, mentioned in the contract, to the interpleader. The interpleader then purchased the land from Barrett and Cannon and made no claim for the rents until the crops had matured and were being harvested.

The evidence further discloses that, at the time Bruner, the minor, came of age and sold the land to Barrett and Cannon, he advised them that the rents belonged to Elliott, and that he had rented the land to Elliott and that Elliott had paid him for the rents for 1919, and that there was due the plaintiff the sum of $300, which he directed Barrett to pay the plaintiff and which was paid by Barrett out of the consideration paid by Barrett for the deed; that when Barrett and Cannon transferred the title to the interpleader, Gray, Barrett informed the interpleader, in the presence of Cannon, that the rents went to the plaintiff, as he had already paid the rent for the year 1919. This last statement was disputed by the interpleader and there was contradictory evidence upon this proposition. The above statement of fact is sufficient for the purposes of this opinion.

It is the unquestioned rule, established by a long line of decisions of this court, that where the evidence is conflicting it is within the province of the jury to determine what evidence it will or will not believe, and to reconcile the conflicts, if possible, and by its verdict in this case the jury evidently believed the testimony of Cannon and Bruner upon the proposition that the rents were reserved and rental contract of Bruner with plaintiff was ratified by him after he arrived at his majority, and he so informed his grantees at the time he sold the lands to them, who, in turn, notified the interpleader, and this court will not weigh the testimony nor invade the province of the jury upon this proposition. Then, this testimony, in addition to the provision of the written contract between the plaintiff and interpleader, which provided that the plaintiff should have the rents for the year 1919, is conclusive that it was the direct understanding and intention of all the parties that the plaintiff should have the rents for the year 1919, but the attorneys for the defendant and interpleader contend that the written contract was void as it was based upon an unlawful agreement between the plaintiff and the minor to purchase his allotment when he came of age. This land was the allotment of this minor freedman and the contract could not have been enforced against him, compelling him to convey the property to the plaintiff, but on arriving at the age of 21, he, by his own acts, acknowledged the contract, both for rental of the lands and for the sale of the lands, in so far as acknowledging that he had been paid for the rent for same by the plaintiff and the sum of $300 on the sale contract and repaid the plaintiff out of the money for which he sold the lands to Barrett and advised his grantees, Barrett and Cannon, that the rents belonged to the plaintiff as he had already received the payment for the rents for the year 1919, which was, in effect, a ratification of the rental contract.

Under this state of the record we are forced to the conclusion that the court properly overruled the demurrer to the evidence and was correct in refusing to peremptorily instruct the jury to find its verdict in favor of the defendant and interpleader. The unbroken rule, established by this court, is that, in a law action, if there is any legal evidence reasonably tending to support the allegations of plaintiff's petition or the verdict of the jury, the demurrer to the evidence and a peremptory instruction must be refused. This minor was not a restricted Indian in the sense that is sought to be presented here, but was only under the disability of minority, the same as any other minor citizen of the state of Oklahoma, and when he arrived at the age of 21 he had full power and authority to ratify all of his acts in connection with this land and, as was said by the late Mr. Justice Kane, in the case of Welch v. Ellis, 63 Okla. 158, 163 Pac. 321:

"So we conclude that, upon the plaintiff attaining his majority, the whole legal title to his lands vested in him; that thereafter he could dispose of it as he saw fit—give it away, or sell it for any consideration, either legal or moral, which seemed to him sufficient."

In our opinion, it is of no importance here whether the contract between the plaintiff and the minor, for the purchase and sale of his allotment during his minority, was lawful or not, as he, on obtaining his majority, ratified said contract and the interpleader, knowing these facts and circumstances, agreed in writing to attorn to the plaintiff for rents, which, in our judgment, binds him in this action, in addition to the fact that he was informed at the time of his purchase by his grantees that the rents had been bought and paid for by the plaintiff and belonged to the plaintiff.

We are, therefore, of the opinion that the first ground of complaint urged by attorneys in their brief cannot be sustained.

The· next ground urged by attorneys for the defendant and interpleader is that the court erred in admitting incompetent evidence. The only reference in the brief to the evidence is a general statement that the court permitted the contract between Elliott and Gray to be introduced, and permitted the evidence that at the time of the purchase of the land by Gray he was told the rents were to be paid to Elliott. We are of the opinion that the contract was admissible to show that Gray knew and understood that the plaintiff was in possession of the property through his tenant, Thad Harrison, and that he, over his own signature, recognized that plaintiff was entitled to the rents, which, in our opinion, was binding on him as between him and the plaintiff, and he was further informed at the time of the purchase that the rents were to go to Elliott as he had paid for the rent of the land for the year 1919. We think that the attorneys cannot seriously insist upon this proposition as there was no attempt to comply with rule 26 of this court in regard to testimony omitted or rejected.

Having passed upon the proposition of the overruling of the demurrer of the interpleader to the evidence, we are brought to the last contention, that the court erred in giving instructions Nos. 3, 4, and 5. These matters are not properly before us for consideration, for under rule 26 of this court, before these matters can be considered, the party complaining must set out "in totidem verbis in his brief separately the portion to which he objects or may save exceptions." This the attorneys failed to do and, therefore, there is nothing presented for our consideration.

We are, therefore, of the opinion, based upon the pleadings and the evidence in this case, that the judgment of the trial court should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. § 67; (2) 31 C. J. § 48 (1926 Anno).